**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| ROSEMARIE RAMIREZ, on behalf of herself and all others similarly situated, | : : : | Case No. 1:26-cv-01388 |
| | : | District Judge April M. Perry |
| Plaintiffs, | : | Magistrate Judge Laura K. McNally |
| | : | |
| v. | : : | |
| | : | **DEFENDANT BLUE SKY'S MOTION** |
| BLUE SKY CASINO, LLC | : | **TO DISMISS OR TRANSFER FOR** |
| | : | **IMPROPER VENUE** |
| Defendant. | : | |

Defendant Blue Sky Casino, LLC ("Blue Sky" or the "Defendant"), by and through counsel and pursuant to Fed. R. Civ. P. 12(b)(3), hereby moves this Court for an order dismissing Plaintiff Rosemarie Ramirez's ("Ramirez," or the "Plaintiff") Compliant. In the event this Court does not dismiss this action, Blue Sky respectfully requests that this action be transferred to the U.S. District Court for the Southern District of Indiana in accordance with 28 U.S.C. § 1406(a). As explained more fully in the attached memorandum in support, and further substantiated by the Declaration of Chris Leininger, Chief Operating Officer for Blue Sky Casino, LLC, attached herein as **Exhibit A**, Plaintiff's Complaint is not filed in the proper venue and therefore warrants dismissal or, at minimum, transfer to the appropriate forum.

Respectfully submitted,

s/ *Andrew S. Murphy*
Andrew S. Murphy (6328808)
Nadia Minor (6351198)
TAFT STETTINIUS & HOLLISTER LLP
111 E. Wacker Drive, Suite 2600
Chicago, Illinois 60601
Phone: (312) 836-4145
amurphy@taftlaw.com
nminor@taftlaw.com
*Counsel for Defendant Blue Sky Casino, LLC*

1

<u>**MEMORANDUM IN SUPPORT**</u>

**I.        <u>FACTUAL BACKGROUND</u>**

Ramirez filed this lawsuit in United States District Court for the Northern District Of Illinois on February 6, 2026. (ECF No. 1.) Plaintiff asserts that this Court has subject-matter jurisdiction over the action in a manner consistent with 28 U.S.C. § 1331 and 42 U.S.C. § 12182, as "Plaintiff's claims arise under Title III of the ADA." (Complaint ¶ 7, ECF No.1.) Ramirez's claims against Blue Sky allege that its businesses, through its website, www.frenchlick.com, violate the ADA. (*Id*. ¶ 6.) That website provides information about the French Lick Resort ("French Lick") a popular holiday destination featuring hotels, casinos, and other historical attractions. (*Id*. ¶¶ 21-23.)

French Lick's physical facilities are in Orange County, Indiana. Specifically, the Defendant operates the French Lick Springs Hotel at 8670 IN-56, French Lick, Indiana 47432, the French Lick Casino at 8670 IN-56, French Lick, Indiana 47432, the Valley Tower Hotel at 8670 IN-56, French Lick, Indiana 47432, and the West Baden Springs Hotel at 8538 W Baden Ave, West Baden Springs, Indiana 47469. (Declaration of Chris Leininger ("Leininger Dec.") at ¶ 6.) Blue Sky does not operate any physical facility in the counties encompassing the United States District Court for the Northern District Of Illinois. (*Id.* at ¶ 7.) Furthermore, Blue Sky does not have any employees working in or traveling through any of those same counties on a regular basis. (*Id.*)

Despite the above, the Complaint asserts, with no factual basis, that "Venue is proper in this district… because Defendant conducts and continues to conduct a substantial and significant amount of business in this District, and a substantial portion of the conduct complained of herein occurred in this District because Plaintiff attempted to utilize, on a number of occasions, the subject Website within this Judicial District." (Complaint ¶ 8, ECF No.1.) In a similar conclusory fashion, the Complaint asserts that Blue Sky is subject to personal jurisdiction in the Northern District of

Illinois because Ramirez was "denied the full use and enjoyment" of www.frenchlick.com in or around Cook County, Illinois. (*Id.* ¶ 9.)

## II.  LAW AND ARGUMENT

### A.  Venue is improper in this forum because (1) Blue Sky is not at home in the Northern District of Illinois and (2) a substantial part of the events giving rise to this claim occurred (if at all) in the Southern District of Indiana.

Simply put, this Court is not the proper venue for the claims raised in Ramirez's Complaint. A defendant may seek dismissal of a case filed in the "wrong" venue by filing a motion under Federal Rule of Civil Procedure 12(b)(3). *See Atl. Marine Const. Co. v. U.S. Dist. Ct. for W. Dist. of Texas*, 571 U.S. 49, 54 (2013). For its part, 28 U.S.C. § 1406(a) provides that "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." When determining whether venue is "wrong" in any particular case, courts will look to 28 U.S.C. § 1391 (b) and 28 U.S.C. § 1391 (d):

> **(b) Venue in general.**--A civil action may be brought in--
>    **(1)** a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>    **(2)** a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>    **(3)** if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.
>
> ---
>
> **(d) Residency of corporations in States with multiple districts.**--For purposes of venue under this chapter, in a State which has more than one judicial district and in which a defendant that is a corporation is subject to personal jurisdiction at the time an action is commenced, such corporation shall be deemed to reside in any district in that State within which its contacts would be sufficient to subject it to personal jurisdiction if that district were a separate State, and, if there is no such district, the corporation shall be deemed to reside in the district within which it has the most significant contacts.

3

### 1. Legal standard

When deciding a motion to dismiss for improper venue under Rule 12(b)(3), the Court accepts the allegations as true unless they are contradicted by evidence submitted by the defendant. *Clark v. McDonald's Corp.*, No. 3:22-CV-00628-NJR, 2023 WL 2648467, at *2 (S.D. Ill. Mar. 27, 2023); *see also Deb v. SIRVA, Inc.*, 832 F.3d 800, 809 (7th Cir. 2016) ("[I]t is appropriate for a district court to look outside the complaint, or particularly at a defendant's contradictory statements, when considering a motion to dismiss [on the basis of improper venue."] In particular, the defendant may submit affidavits or other competent evidence to challenge the plaintiff's venue allegations, and the Court may consider such materials outside the pleadings in resolving the motion. *Id*. When a defendant challenges venue, the "[p]laintiff bears the burden of establishing that venue is proper." *Graves v. Pikulski*, 115 F. Supp. 2d 931, 934 (S.D. Ill. 2000).

### 2. Blue Sky is not subject to personal jurisdiction in the Northern District of Illinois, and so venue is improper.

Ramirez first alleges that venue is proper since Blue Sky does a great deal of business in the Northern District of Illinois. (Complaint ¶ 8, ECF No.1.) Presumably, this constitutes Ramirez's position that venue is proper under 28 U.S.C. § 1391(b)(1).  But this is wrong. As previously noted, Blue Sky does not have any employees working in or traveling through any of those same counties on a regular basis. (Leininger Dec. at ¶ 7.) Thus, this basis for venue is groundless.

Because Blue Sky is a corporation and Illinois has more than one judicial district, whether Blue Sky "resides" in the Northern District of Illinois for venue purposes is determined by Section 1391(d). Under that framework, Blue Sky resides in the Northern District of Illinois only if "its contacts would be sufficient to subject it to personal jurisdiction if that district were a separate State." 28 U.S.C. § 1391(d). To evaluate venue, then, the court must consider whether defendant

4

would be subject to personal jurisdiction in the Northern District of Illinois—and consider both general and specific personal jurisdiction. *KM Enters., Inc. v. Glob. Traffic Techs., Inc.*, 725 F.3d 718, 733 (7th Cir. 2013).

Faced with nearly identical facts, courts in the Northern District of Illinois dismissed complaints when the plaintiff failed to carry its initial burden of establishing proper venue. In *Walsh v. A.F. Risavy, Inc.*, a visually impaired plaintiff residing in the Northern District of Illinois accessed the defendant's website from her home but was unable to complete a purchase because the site was allegedly inaccessible. *Id*. at 1. The defendant, however, was incorporated in Missouri and operated two music stores in the Southern District of Illinois—with no meaningful physical presence in the Northern District of Illinois. *Id*. at 1–3.

Applying the framework set forth in 28 U.S.C. § 1391(b)(1), the court concluded that general jurisdiction was lacking because the defendant was incorporated in Missouri and headquartered in the Southern District of Illinois. *Id*. at 3. Nor was specific jurisdiction present. *Id*. The court emphasized that the mere operation of an interactive website accessible in the forum is insufficient; rather, the defendant must purposefully target the forum market. But in *Walsh*, the sole connection to the Northern District of Illinois was that the plaintiff accessed the website from her residence. That unilateral act, standing alone, did not establish venue:

> Plaintiff has not offered anything to establish defendant targeted the Northern District of Illinois. **She does not offer anything suggesting defendant did anything except operate a website that could be accessed from her residence located in the Northern District**. Accordingly, defendant does not reside in the Northern District under the terms of Section 1391(d) and, therefore, venue is not proper under Section 1391(b)(1).

*Walsh v. A.F. Risavy, Inc.*, No. 23 C 50409, 2024 WL 6874014, at *3 (N.D. Ill. Apr. 8, 2024) (emphasis added.) This case is the same. The record shows that Blue Sky lacks any meaningful connection to the Northern District of Illinois, which means that venue here is improper.

And, Ramirez's bald assertion that she accessed www.frenchlick.com does not salvage her argument. The Complaint must be dismissed.

### 3. Venue is likewise improper since a substantial part of the events giving rise to this claim occurred (if at all) in the Southern District of Indiana.

Plaintiff further argues that venue is proper because a substantial portion of the conduct complained of herein occurred in this District because Plaintiff "attempted to utilize, on a number of occasions, the subject Website within this Judicial District." (Complaint ¶ 8, ECF No. 1.) This presumably constitutes Ramirez's position that venue is proper under 28 U.S.C. § 1391(b)(2). Only Plaintiff can say whether this is an accurate statement of fact, or whether this is just creative pleading. But, in any case, such an assertion as a basis for jurisdiction would make every single business, anywhere in the world, subject to the Northern District of Illinois's jurisdiction. Similarly, Plaintiff could sue from any federal judicial district of her choosing merely by accessing the website from a different location. Such an expansive interpretation of the venue provisions would effectively permit Plaintiff to engage in unchecked forum shopping, without any requirement to demonstrate that her alleged harms bear a meaningful connection to the chosen forum district.

Here again, *Walsh v. A.F. Risavy, Inc.* is directly on point. In rejecting the plaintiff's alternative argument that venue was properly asserted under 28 U.S.C. § 1391(b)(2), the Court noted that the location of the Plaintiffs residence and website access from within the Northern District of Illinois were not enough to establish venue there.[1] "Plaintiff's arguments about defendant's actions taken in Illinois do not show those actions were taken within the judicial district of the Northern District of Illinois. Both defendant's and plaintiff's briefs lead to the same

---

[1] Blue Sky presents an even stronger case for dismissal than *Walsh*, as the defendant there at least operated two physical music stores within Illinois (albeit in the Southern District). *Walsh*, 2024 WL 6874014, at 1. In stark contrast, Blue Sky *has no physical presence, operations, or other meaningful contacts within the Northern District of Illinois*, rendering the basis for improper venue here even more obvious. (Leininger Dec. at 7.)

conclusion, that a substantial part of the events or omissions giving rise to the claim occurred in the judicial district for the Southern District of Illinois." *Walsh*, 2024 WL 6874014, at 4.

### 4. Dismissal (rather than transfer) under 28 U.S.C. § 1406(a) is warranted under the facts of this case.

Ordinarily, where a Complaint lays venue in the wrong court, the preferred course is to transfer a case filed in an improper venue to a district in which it could have been brought. *See Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 466 (1962) ("[t]he problem which gave rise to the enactment of [28 U.S.C. § 1406(a)] was that of avoiding the injustice which had often resulted to plaintiffs from dismissal of their actions merely because they had made an erroneous guess with regard to the existence of some elusive fact of the kind upon which venue provisions often turn.") Still, the decision whether to transfer "in the interest of justice" or to dismiss the case rests within the sound discretion of the trial court. *De La Fuente v. I. C. C.*, 451 F. Supp. 867, 872 (N.D. Ill. 1978). Where a suit was commenced for the purposes of harassment or nuisance, dismissal may be preferable to transfer. *Id*. Additionally, courts may dismiss rather than transfer when the improper venue filing was made by a sophisticated party with representation making an obvious mistake. *See Cont'l Ins. Co. v. M/V Orsula,* 354 F.3d 603, 608 (7th Cir.2003) (in upholding dismissal, rather than transfer, under section 1406(a), the court emphasized that the venue chosen by the plaintiff was "an obvious mistake made by a sophisticated party with representation.") Here, as in *Continental Ins. Co.,* there was nothing obscure about the proper forum, since a simple internet search would confirm that a holiday retreat in southern Indiana has no presence or contacts with the Northern District of Illinois. Thus, "[d]ismissal [is] proper, filing in the Northern District of Illinois was an obvious mistake made by a sophisticated party with representation." *Id*. Dismissal, rather than mere transfer, is further warranted because Plaintiff's counsel also represented the plaintiffs in *Walsh v. A.F. Risavy, Inc.* and was thus fully aware of how this Court

would address a venue challenge under nearly identical facts. Simply put, the Complaint must be dismissed.

## III.     Conclusion

For the reasons set forth above, Defendant respectfully requests that the Court grant the motion and dismiss this action pursuant to Fed. R. Civ. P. 12(b)(3) and 28 U.S.C.A. § 1406(a), or, in the alternative, to transfer the case to the United States District Court for the Southern District of Indiana.

Respectfully submitted,

 s/ *Andrew S. Murphy*
Andrew S. Murphy (6328808)
Nadia Minor (6351198)
TAFT STETTINIUS & HOLLISTER LLP
111 E. Wacker Drive, Suite 2600
Chicago, Illinois 60601
Phone: (312) 836-4145
amurphy@taftlaw.com
nminor@taftlaw.com

*Counsel for Defendant Blue Sky Casino, LLC*